**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| HAYMAN PROPERTIES, LLC, | **ORDER OF DISMISSAL** |
| Plaintiff, | Case No.: 2:17-cv-929-RJS-EJF |
| v. | Judge Robert J. Shelby |
| SJ UTAH 3, ET AL. | Magistrate Judge Evelyn J. Furse |
| Defendants. | |

All parties in this real estate case are limited liability companies: 1) Plaintiff, Hayman Properties; 2) both Defendants SJ Utah, 3, LLC and SJ Commercial, LLC; and 3) Intervenor the Towers at South Towne, LLC. All claims asserted in this case appear to be state-law based contract claims. Plaintiff alleges in its Complaint,[1] and no party appears to have contested, that subject matter jurisdiction in this case is based solely on the diversity of the parties.

The court issued an Order Regarding Subject Matter Jurisdiction[2] after both Defendants had answered[3] and Intervenor had sought to intervene and had already filed a Motion for Summary Judgment.[4] The Order stated, in relevant part:

> "[F]or diversity purposes, an LLC is a citizen of every state in which its members reside." *Shannon's Rainbow, LLC*, 683 F.Supp.2d at 1266; *see also Cosgrove v. Bartolotta¸* 150 F.3d 729, 731 (7th Cir. 1998) (citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of each of its members). It [is] unclear whether this court may assert diversity jurisdiction, as the pleadings do not set forth the identit(ies) and citizenship of the member(s) of all limited liability company parties.

---

[1] Dkt. 2 at 3.

[2] Dkt. 23.

[3] Dkt. 11.

[4] Dkts. 9 and 10.

To permit this jurisdictional analysis, the court hereby ORDERS that within ten days of this order, any limited liability company having appeared in this case shall file a disclosure statement identifying the names and state citizenship of its members as of August 15, 2017, when the Complaint in this action was filed.

The court reviewed and considered the parties' detailed responses as began reviewing dispositive motions filed in the case. The responses led the court to believe it lacked diversity subject matter jurisdiction. The court thus ordered the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction, permitting the parties to file any desired response on or before September 28, 2018.[5]

Plaintiff, an LLC whose citizenship includes California, filed a response conceding that "without further information, the Court lacks diversity jurisdiction because of the Towers at South Towne's declaration that Paul Feldman [a member of South Towne] is a citizen of California."[6] The Towers at South Towne is both an Intervenor and a member of Defendant SJ Utah Three, LLC—thus making that Defendant a citizen of California, and destroying diversity jurisdiction.[7] Thus, the court lacks subject matter jurisdiction.

But Plaintiff—in a single sentence in its response—also asks the court "for 30 days to conduct some discovery regarding Mr. Feldman's citizenship."[8] This request is made without Plaintiff having filed a Motion pursuant to Rule 7, Federal Rules of Civil Procedure. It does not set forth a rationale for why discovery is required. The court cannot discern such a rationale on its own, when Feldman's counsel has represented in a filing with the court that Feldman was, on the date the Complaint in this case was filed, a resident of California[9]—and the court, in its

---

[5] Dkt. 62.

[6] Dkt. 64.

[7] No party has filed a response arguing there is subject matter jurisdiction.

[8] Dkt. 64 at 2.

[9] Dkt. 24 at 2.

Order to Show Cause, indicated that it understood the parties to use the term "resident" synonymously with the jurisdictionally-relevant term, "citizen."[10]

Based on the foregoing, diversity subject matter jurisdiction has not been established in this case. As the court cautioned in its Order to Show Cause, where this is so, the case shall be DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to CLOSE THIS CASE.

Dated this  28th  day of September, 2018

BY THE COURT

Robert J. Shelby
United State District Court

---

[10] Dkt. 62 at 5 n.14. The Towers at South Towne has Objected to this request (Dkt. 65), arguing it is an improper motion under Rule 7, lacks any grounds for questioning that Paul Feldman was a California resident, and because "[w]here jurisdiction is lacking there is no basis for discovery." *Id.* at 2. The court agrees with The Towers that the request fails on the first two grounds it cites. But The Towers offers no legal citation for the last grounds, and indeed the court does not agree that in all cases where jurisdiction appears in doubt, there can never be discovery to confirm that. But, where there are representations from counsel and no grounds upon which to question them, the court will not permit discovery in this case.